IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH ANTHONY BIEBER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  4:12-cv-305 |
| | § | |
| YRC WORLDWIDE, INC. and YRC, | § | JURY |
| INC. | § | |
| | § | |
| Defendants. | | |

**DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES**

Defendants YRC Worldwide Inc. and YRC Inc., now known as YRC Freight, file their Original Answer and Affirmative and Other Defenses to Plaintiff's Original Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants plead the following affirmative and other defenses, but do not assume the burden of proof except to the extent required on pure affirmative defenses:

1.    Plaintiff's Original Complaint fails, in whole or in part, to state a cause of action against Defendants upon which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

3.    Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

4.    Plaintiff's claims are barred because any actions Defendants took in regards to Plaintiff were based on reasonable factors other than age; were made in good faith and for good cause and without malice; were essential and necessary to the operation of Defendants' business; and were at all times motivated solely and required by legitimate, non-discriminatory reasons.

5.      Plaintiff's claims are barred because any actions Defendants took in regards to Plaintiff were based on reasonable factors other than Plaintiff's benefits or benefit eligibility; were made in good faith and for good cause and without malice; were essential and necessary to the operation of Defendants' business; and were at all times motivated solely and required by legitimate, non-retaliatory and non-interference reasons.

6.      Plaintiff's claims are barred because any action Defendants took in regards to Plaintiff would have been taken regardless of Plaintiff's age.

7.      Plaintiff's claims are barred because any action Defendants took in regards to Plaintiff would have been taken regardless of Plaintiff's benefits or benefit eligibility.

8.      All actions taken by Defendants with respect to Plaintiff were justified, in good faith, and without malice.

9.      Plaintiff's alleged losses and damages, if any, are the result of, and directly related to, Plaintiff's own conduct, actions and/or failure to act, and not of Defendants' conduct, actions or failure to act.

10.     Subject to further discovery, Plaintiff failed to mitigate his damages, if any, as required by law.

11.     Subject to further discovery, Plaintiff's damages are limited by the doctrine of after-acquired evidence.

12.     Subject to further discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, waiver, and/or ratification.

13.     Plaintiff's claims for damages are capped or limited in accordance with applicable law.

14.     Plaintiff's claim for punitive damages in this case violates the provisions of the Fourteenth Amendment of the United States Constitution.

15.     Defendants are not liable for punitive damages in this case because any alleged discriminatory employment decisions were contrary to Defendants' good-faith efforts to comply with the anti-discrimination laws, including but not limited to the Age Discrimination in Employment Act ("ADEA").

16.     Defendants are not liable for punitive damages in this case because any alleged retaliatory or interfering employment decisions were contrary to Defendants' good-faith efforts to comply with the Employee Retirement Income Security Act ("ERISA").

## ANSWER

Subject to the above and foregoing Affirmative and Other Defenses, Defendants plead as follows to the allegations of the Plaintiff's Original Complaint:

## INTRODUCTION

1.      Defendants admit Plaintiff alleges claims and seeks damages under the ADEA and ERISA, but deny that any law was violated and deny that Plaintiff is entitled to any of the relief he seeks.

2.      Defendants admit Plaintiff claims his discharge was discriminatory and violated the ERISA, but deny that any law was violated and deny that Plaintiff is entitled to any of the relief he seeks.

3.      Defendants deny the allegations in Paragraph 3 of Plaintiff's Original Complaint.

4.      Defendants admit Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"),  but deny that Plaintiff is entitled to any of the relief he seeks.

## PARTIES

5.      Defendants lack sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiff's Original Complaint, and thus deny the same.

6.      Defendant YRC Worldwide Inc. admits the allegations of Paragraph 6 of Plaintiff's Original Complaint.

7.      Defendant YRC Inc. is now known as YRC Freight,  and admits the allegations of Paragraph 7 of Plaintiff's Original Complaint.

8.      Paragraph 8 of Plaintiff's Original Complaint appears to be a legal contention and does not require a response.  To the extent a response is required, Defendants deny the allegations of Paragraph 8 of Plaintiff's Original Complaint.

## JURISDICTION

9.      Defendants admit Plaintiff brings this action pursuant to the ADEA and ERISA, but deny that Plaintiff is entitled to any of the relief he seeks.

10.     Defendants deny the allegations in Paragraph 10 of Plaintiff's Original Complaint.

11.     Defendants admit this Court has jurisdiction, but deny that Plaintiff is entitled to any of the relief he seeks.

12.     Defendants admit the amount in controversy is within the jurisdictional limits of this Court, but deny that Plaintiff is entitled to any of the relief he seeks.

**PROCEDURAL REQUISITES**

13.     Defendants admit the allegations in Paragraph 13 of Plaintiff's Original Complaint, but deny that it violated the ADEA in any way.

14.     Upon information and belief, Defendants admit the allegations in Paragraph 14 of Plaintiff's Original Complaint.

15.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 15 of Plaintiff's Original Complaint, and thus deny same.

16.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 16 of Plaintiff's Original Complaint, and thus deny same.

**FACTS**

17.     Upon information and belief, Defendants admit the allegations in Paragraph 17 of Plaintiff's Original Complaint.

18.     Upon information and belief, Defendants admit the allegations in Paragraph 18 of Plaintiff's Original Complaint.

19.     Defendants deny the allegations in Paragraph 19 of Plaintiff's Original Complaint.

20.     Upon information and belief, Defendants admit the allegations in Paragraph 20 of Plaintiff's Original Complaint.

21.     Defendants admit the allegations of Paragraph 21 of Plaintiff's Original Complaint.

22.     Defendants admits the allegations in Paragraph 22 of Plaintiff's Original Complaint.

23.     Defendants deny the allegations as written in Paragraph 23 of Plaintiff's Original Complaint.

24.     Defendants admit that Plaintiff was promoted multiple times as alleged in Paragraph 24 of Plaintiff's Original Complaint, but also aver that Plaintiff was also demoted.

25.     Defendants admit the allegations in Paragraph 25 of Plaintiff's Original Complaint.

26.   Defendants lack sufficient information to admit or deny the allegations in Paragraph 26 of Plaintiff's Original Complaint, and thus deny same.

27.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 27 of Plaintiff's Original Complaint, and thus deny same.

28.     Upon information and belief, Defendants admit the allegations in Paragraph 28 of Plaintiff's Original Complaint.

29.     Upon information and belief, Defendants admit the allegations in Paragraph 29 of Plaintiff's Original Complaint.

30.     Defendants admit the allegations in Paragraph 30 of Plaintiff's Original Complaint.

31.     Defendants admit the allegations in Paragraph 31 of Plaintiff's Original Complaint.

32.     Defendants deny the allegations in Paragraph 32 of Plaintiff's Original Complaint.

33.     Defendants admit the allegations in Paragraph 33 of Plaintiff's Original Complaint.

34.     Defendants admit the allegations in Paragraph 34 of Plaintiff's Original Complaint, but also aver that other former Roadway employees were not selected for termination.

35.     Defendants admit the allegations in Paragraph 35 of Plaintiff's Original Complaint.

36.     Defendants admit that Plaintiff was a Senior Corporate Account Executive.

37.     Defendants deny the allegations in Paragraph 37 of Plaintiff's Original Complaint.

38.     Defendants admit the allegations in Paragraph 38 of Plaintiff's Original Complaint.

39.     Defendants admit Plaintiff was laid off in April, and may have been eligible for reduced retirement benefits in December. Defendants deny the remaining allegations in Paragraph 39 of Plaintiff's Original Complaint.

40.     Defendants admit that on April 22, 2010, Plaintiff may have been eligible for reduced retirement benefits had he remained employed on his 50th birthday, December 2, 2010. Defendants deny the remaining allegations in Paragraph 40 of Plaintiff's Original Complaint.

41.     Defendants admit that the Roadway plan allowed eligible employees to obtain reduced retirement benefits on their 50th birthday if their age and years of service totaled at least 75. Defendants deny the remaining allegations in Paragraph 41 of Plaintiff's Original Complaint.

42.     Defendants deny the allegations of Paragraph 42 of Plaintiff's Original Complaint.

43.     Defendants admit that Plaintiff inquired about the possibility of bridging his years of service so he could become eligible for early retirement, but deny that Plaintiff was eligible for bridging.

44.     Defendants deny the allegations in Paragraph 44 of Plaintiff's Original Complaint.

45.     Defendants admit they did not bridge Plaintiff's severance, but avers that Plaintiff did not qualify for bridging.  Defendants deny the remaining allegations in Paragraph 45 of Plaintiff's Original Complaint.

46.     Defendants deny the allegations in Paragraph 46 of Plaintiff's Original Complaint.

47.     Defendants deny the allegations in Paragraph 47 of Plaintiff's Original Complaint.

48.     Defendants admit the allegations in paragraph 48 of Plaintiff's Original Complaint.

49.     Defendants deny the allegations in Paragraph 49 of Plaintiff's Original Complaint.

50.     Defendants deny the allegations in Paragraph 50 of Plaintiff's Original Complaint.

51.     Defendants deny the allegations in Paragraph 51 of Plaintiff's Original Complaint.

52.     Defendants deny the allegations in Paragraph 52 of Plaintiff's Original Complaint.

53.     Defendants deny the allegations in Paragraph 53 of Plaintiff's Original Complaint.

54.     Defendants admit the allegations in Paragraph 54 of Plaintiff's Original Complaint.

55.     Defendants admit the allegations in Paragraph 55 of Plaintiff's Original Complaint.

56.     Defendants admit the allegations in Paragraph 56 of Plaintiff's Original Complaint.

57.     Defendants deny the allegations in Paragraph 57 of Plaintiff's Original Complaint.

58.     Defendants admit the allegations in Paragraph 58 of Plaintiff's Original Complaint.

59.     Defendants admit the allegations in Paragraph 59 of Plaintiff's Original Complaint.

60.     Defendants deny the allegations as written in Paragraph 60 of Plaintiff's Original Complaint.

61.     Defendants admit the allegations in Paragraph 61 of Plaintiff's Original Complaint.

62.     Defendants deny the allegations in Paragraph 62 of Plaintiff's Original Complaint.

63.     Defendants admit the allegations in Paragraph 63 of Plaintiff's Original Complaint.

64.     Defendants deny the allegations in Paragraph 64 of Plaintiff's Original Complaint.

65.     Defendants deny the allegations in Paragraph 65 of Plaintiff's Original Complaint.

66.     Defendants deny the allegations in Paragraph 66 of Plaintiff's Original Complaint.

67.     Defendants deny the allegations in Paragraph 67 of Plaintiff's Original Complaint.

68.     Defendants deny the allegations in Paragraph 68 of Plaintiff's Original Complaint.

69.     Defendants deny the allegations in Paragraph 69 of Plaintiff's Original Complaint.

70.     Defendants admit the allegations in Paragraph 70 of Plaintiff's Original Complaint.

71.     Defendants admit the allegations in Paragraph 71 of Plaintiff's Original Complaint.

72.     Defendants deny the allegations in Paragraph 72 of Plaintiff's Original Complaint.

## VIOLATIONS OF THE ADEA

73.     Defendants admit Plaintiff seeks to reallege his previous allegations, but denies that Plaintiff is entitled to any of the relief he seeks.

74.     Defendants deny the allegations in Paragraph 74 of Plaintiff's Original Complaint.

75.     Defendants admit the allegations in Paragraph 75 of Plaintiff's Original Complaint.

76.     Defendants deny the allegations in Paragraph 76 of Plaintiff's Original Complaint.

77.     Defendants deny the allegations in Paragraph 77 of Plaintiff's Original Complaint.

78.     Defendants deny the allegations in Paragraph 78 of Plaintiff's Original Complaint.

79.     Defendants deny the allegations in Paragraph 79 of Plaintiff's Original Complaint.

80.     Defendants deny the allegations in Paragraph 80 of Plaintiff's Original Complaint.

81.     Defendants deny the allegations in Paragraph 81 of Plaintiff's Original Complaint.

82.     Defendants deny the allegations in Paragraph 82 of Plaintiff's Original Complaint.

83.     Defendants deny the allegations in Paragraph 83 of Plaintiff's Original Complaint.

84.     Defendants deny the allegations in Paragraph 84 of Plaintiff's Original Complaint.

85.     Defendants deny the allegations in Paragraph 85 of Plaintiff's Original Complaint.

## WRONGFUL INTERFERENCE WITH PLAINTIFF'S EMPLOYMENT BENEFIT

## RIGHTS

86.     Defendants admit Plaintiff seeks to reallege his previous allegations, but denies that Plaintiff is entitled to any of the relief he seeks.

87.     Defendants admit the allegations in Paragraph 87 of Plaintiff's Original Complaint.

88.     Defendants admit the allegations in Paragraph 88 of Plaintiff's Original Complaint.

89.     Defendants deny the allegations in Paragraph 89 of Plaintiff's Original Complaint.

90.      Defendants deny the allegations in Paragraph 90 of Plaintiff's Original Complaint.

91.     Defendants deny the allegations in Paragraph 91 of Plaintiff's Original Complaint.

## ATTORNEY'S FEES

92.     Defendants admit Plaintiff seeks to reallege his previous allegations, but denies that Plaintiff is entitled to any of the relief he seeks.

93.     Defendants deny the allegations in Paragraph 93 of Plaintiff's Original Complaint.

## DAMAGES

94.     Defendants admit Plaintiff seeks to reallege his previous allegations, but denies that Plaintiff is entitled to any of the relief he seeks.

95.     Defendants deny the allegations in Paragraph 95 of Plaintiff's Original Complaint and further deny that Plaintiff is entitled to any of the relief he seeks.

96.     Defendants deny the allegations in Paragraph 96 of Plaintiff's Original Complaint and further deny that Plaintiff is entitled to any of the relief he seeks.

97.     Defendants deny the allegations in Paragraph 97 of Plaintiff's Original Complaint and further deny that Plaintiff is entitled to any of the relief he seeks.

## JURY DEMAND

98.     Defendants admit that Plaintiff has requested a jury trial, but denies that Plaintiff is entitled to any of the relief he seeks.

## PRAYER

Defendants deny that Plaintiff is entitled to any of the relief he seeks in the Prayer of his Original Complaint.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff's suit be dismissed with prejudice and denied in its entirety and that Defendants recover their costs of suit, reasonable attorneys' fees, and such other relief to which they show themselves entitled.

- 14 -

Respectfully submitted,

/s/ Shauna Johnson Clark, by permission
Jaclyn A. Hermes_____
    Shauna Johnson Clark
    State Bar No.  00790977
    Federal I.D. No. 18235
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246
sclark@fulbright.com

ATTORNEY-IN-CHARGE FOR
DEFENDANTS

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.
Jaclyn A. Hermes
State Bar No. 24041091
Federal I.D. No. 36959
jhermes@fulbright.com

<u>**CERTIFICATE OF SERVICE**</u>

This pleading was served on all parties in compliance with Rule 5 of the Federal Rules of

Civil Procedure on 10th day of April, 2012 via ECF on counsel for Plaintiff:


Howard T. Dulmage                                        Joseph Y. Ahmad
2323 Clear Lake City Blvd., Suite 180 MB 186             Ahmad, Zavitsanos & Anaipakos, PC
Houston, TX 77062                                        3460 Houston Center
                                                         1221 McKinney St.
                                                         Houston, TX 77101


                                                  _____/s/ Jaclyn A. Hermes_____